**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| XPEDITE SYSTEMS, LLC, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:11-CV-0706-RWS |
| J2 GLOBAL | : | |
| COMMUNICATIONS, INC., | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

This case is before the Court for consideration of Defendant's Motion to Stay [36] and Defendant's Motion for Extension of Time [40]. After reviewing the record, the Court enters the following Order.

Plaintiff filed this action alleging that Defendant infringed U.S. Patent No. 5,873,640 (the "'640 Patent") and U.S. Patent No. 7,804,823 (the "'823 Patent"). Defendant denied the infringement allegations and filed a Counterclaim seeking a declaratory judgment of non-infringement and/or patent invalidity.

On July 26, 2011, Defendant filed an Amended Patent Reexamination Request concerning the '640 Patent with the United State Patent and Trademark Office ("PTO"). On October 1, 2011, the PTO issued an Order granting Defendant's request for *ex parte* reexamination of the '640 patent, finding 20 substantial new questions of patentability. Defendant also filed a Petition seeking *inter-partes* reexamination of the '823 Patent. On September 8, 2011, the PTO granted *inter-partes* reexamination of the '823 Patent. The following day it issued an Action Closing Prosecution that rejected each of Defendant's arguments and confirmed the patentability of every claim in the 823 Patent.

Asserting that the reexamination of the '640 Patent is likely to alter the scope of, or even invalidate, 22 of the 31 claims asserted in this lawsuit, Defendant requests that the Court stay the case pending the PTO's decision. "When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the non-movants; (2) whether a stay will simplify the issues in the case; and (3) whether the discovery is complete and a trial date has been set. The Court must weigh each factor and determine if a stay will serve the interests of justice." Tomco Equip. Co. v. S.E. Agri-Systems, Inc., 542 F. Supp

2d 1303, 1307 (N.D. Ga. 2008) (internal citation omitted).  The Court will address each of these factors in turn.

**Prejudice to the Parties**

Plaintiff asserts that the passage of time occasioned by a stay will make "discovery and trial more difficult due to the passage of time and the concomitant fading of memories and movement of witnesses."  Pl.'s Br. [42] at 10.  However, Plaintiff identifies no specific problems it expects to encounter in this regard.

Also, Plaintiff asserts that it is prejudiced because it and Defendant are competitors.  Plaintiff maintains that a delay of several years would cause irreparable harm because it would be impossible to restore Plaintiff's exclusive position by an award of damages and a permanent injunction years after infringement begins."  Id. at 12.

Finally, Plaintiff states that a stay is prejudicial in light of the fact that the PTO has confirmed the validity of the '823 Patent.  Thus, Defendant will be able to continue to gain market share in spite of infringing that patent.

Defendant contends that Plaintiff's claim of prejudice relies on an incorrect assumption that it will be entitled to an injunction.  Def.'s Reply Br.

3

[43] at 8. Also, Defendant asserts that Plaintiff's claim of irreparable harm is unlikely because the relevant market is shared by at least ten (10) U.S. and foreign-based companies. Id. at 9. Finally, Defendant points out that the PTO's decision regarding the '823 Patent is not *res judicata* because Defendant has not exhausted its appeal rights.

The Court finds that Plaintiff may arguably suffer some prejudice if the case is stayed. If a stay is issued, Plaintiff will have to await a decision on its '823 Patent claims even though the PTO has initially confirmed the patentability of the claims therein. Also, in spite of the number of competitors in the relevant market, Plaintiff's market share is likely to be affected and a calculation of damages caused thereby is likely to be more difficult.

## Simplifying the Issues

As to the '640 Patent, the probability is high that the issues will be simplified by the reexamination. Based on statistics submitted by the parties, there is a substantial likelihood that claims will be amended during the reexamination process. Thus, if the Court proceeds with claim construction, chances are great that the decision will have to be revisited following reexamination.

4

As to the '823 Patent, the decision of the PTO is not *res judicata* because Defendant has not exhausted its appeal rights. Bettcher, Ind., Inc. v. Bunzl USA, Inc., 661 F.3d 629, 642-43 (C.A. Fed. 2011). Therefore, claims in the '823 Patent may yet be amended, and as with the '640 Patent, claim construction decisions may have to be revisited.

**Discovery and Trial Date**

Discovery is in its early stages and a trial date has not been set. Defendant filed its Motion to Stay before any depositions were taken or documents were exchanged and before the parties exchanged their claim terms interpretations. Since the Motion was filed, the parties have filed a Joint Claim Construction Statement [51] and have begun taking depositions while awaiting the Court's decision on Defendant's Motion. However, the Court finds that it is still sufficiently early in the litigation that a stay will not prejudice the parties.

Weighing the foregoing factors, the Court concludes that a stay should issue in the case pending completion of the reexamination proceedings. The limited prejudice to Plaintiff is outweighed by the likelihood that the issues will be simplified or, at least, changed. Therefore, Defendant's Motion to Stay [36] is hereby **GRANTED**. This action is hereby **STAYED** pending resolution of

the reexamination proceedings.  Defendant's Motion for Extension of Time [39] is **DENIED**, **AS MOOT**.

**SO ORDERED**, this   20th   day of December, 2011.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE