**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

XPEDITE SYSTEMS, LLC., :
:
    Plaintiff, :
:
v. : CIVIL ACTION NO.
: 1:11-CV-706-RWS
J2 GLOBAL :
COMMUNICATIONS, INC., :
:
    Defendant.

## **ORDER**

This case comes before the Court on Plaintiff's Motion for Relief from Stay [62], Defendant's Motion to Supplement its Response in Opposition [70], and Defendant's Second Motion to Supplement its Response in Opposition [71].[1] After a review of the record, the Court enters the following order.

Plaintiff filed this action alleging that Defendant infringed U.S. Patent No. 5,873,640 (the "'640 Patent") and U.S. Patent No. 7,804,823 (the "'823 Patent"). Defendant denied the infringement allegations and filed a Counterclaim seeking a declaratory judgment of non-infringement and/or patent invalidity.

---

[1] As Defendant's Motions [70,71] are **UNOPPOSED**, those motions are **GRANTED**. See L.R. NDGa 7.1.

On July 26, 2011, Defendant filed an Amended Patent Reexamination Request concerning the '640 Patent with the United State Patent and Trademark Office ("PTO"). On October 1, 2011, the PTO issued an Order granting Defendant's request for *ex parte* reexamination of the '640 patent, finding 20 substantial new questions of patentability. Defendant also filed a Petition seeking *inter-partes* reexamination of the '823 Patent. On September 8, 2011, the PTO granted *inter-partes* reexamination of the '823 Patent. The following day it issued an Action Closing Prosecution that rejected each of Defendant's arguments and confirmed the patentability of every claim in the '823 Patent.

On October 14, 2011, asserting that the reexamination of the '640 Patent was likely to alter the scope of, or even invalidate, 22 of the 31 claims asserted in this lawsuit, Defendant requested that the Court stay the case pending the PTO's '640 Patent decision, and the Court granted the stay. Dkt. No. [62]. On February 2, 2012, the PTO certified the validity of all of the '640 Patent claims without amendment. On March 13, 2012, Plaintiff then filed this motion to lift the stay because the '640 Patent claims had been resolved.

On March 22, 2012, the Defendant filed its appeal of the PTO examiner's decision to close the '823 Patent *inter-partes* reexamination proceeding. On June 2, 2012, the PTO granted Defendant's second *ex parte* reexamination

2

proceeding request for the '640 Patent, stating that "a substantial new question of patentability is raised by the evaluation of a prior art reference" with respect to claims 1-22. Dkt. No. [71-2]. Defendants '823 Patent appeal is still pending.

Plaintiff requests that this Court lift the stay because the stay's original basis–the first reexamination of the '640 Patent–has been resolved. In response, Defendant argues that because its '823 Patent appeal is still pending and the '640 second examination raises "a substantial new question of patentability," the Court's original stay rationale still exists. "When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the non-movants; (2) whether a stay will simplify the issues in the case; and (3) whether the discovery is complete and a trial date has been set. The Court must weigh each factor and determine if a stay will serve the interests of justice." Tomco Equip. Co. v. S.E. Agri-Systems, Inc., 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008) (internal citation omitted).

Here, the Court finds that a stay is still warranted and **ADOPTS** its reasoning from its December 21, 2011 Order. While the Court does note that the '640 Patent initial reexamination has been resolved, the PTO has found that the second reexamination raises "a substantial new question of patentability"

3

such that the Court's initial findings still control for the same reasons. As well, as the Court previously noted, until the Defendant exhausts its appeal rights, the PTO's '823 Patent decision is not *res judicata*. See <u>Bettcher, Ind. Inc. v. Bunzl USA, Inc.</u>, 661 F.3d 629, 642-43 (C.A. Fed. 2011).

The Court does note that the '643 Patent request is a successive reexamination and weighs this delay's prejudice in light of the first reexamination's results; the Court does not want to encourage piece-meal litigation or delay tactics. However, in light of the PTO finding that the new prior art raises "a substantial new question of patentability" coupled with the statistics presented by the parties, the Court is convinced that this reexamination will likely simplify the issues, promote judicial economy, and is not outweighed by the prejudice felt by the Plaintiff. Moreover, in its initial stay order, this Court recognized that awaiting the '823 Patent appeal would be prejudicial, but issued the stay nonetheless because the other factors outweighed it. The Court is not convinced that its analysis is changed since it relied on awaiting the '823 Patent appeal at first instance. Thus, Plaintiff's Motion to Lift the Stay [63] is **DENIED**. This matter will be stayed until 1) the PTO issues its second reexamination proceeding certificate as to the '640 Patent; and, 2) the '823 Patent appeal with the PTO is resolved.

4

**SO ORDERED**, this   13th   day of August, 2012.

_____
**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)